# United States District Court

MIDDLE District of ALABAMA

| UNITED STATES OF AMERICA | JUDGMENT INCLUDING SENTENCE |
| V. | UNDER THE SENTENCING REFORM ACT |

AL JOSEPH FELDER, SR.

Case Number 90-271-N

APR 19 1991
CLERK
U.S. DIST. COURT
MIDDLE DIST. OF ALA.
DEPUTY CLERK, BY

(Name of Defendant)

Susan G. James and Jeffery C. Duffey
Defendant's Attorney

**THE DEFENDANT:**

☐ pleaded guilty to count(s) _____
☒ was found guilty on count(s) one, two and three of the Indictment _____ after a plea of not guilty.

Accordingly, the defendant is adjudged guilty of such count(s), which involve the following offenses:

| Title & Section | Nature of Offense | Offense Concluded | Count Number(s) |
|---|---|---|---|
| 21 USC 841(a)(1) | Violation of Controlled Substances Act, re: cocaine base | 10-12-90 | 1 |
| 21 USC 841(a)(1) | Violation of Controlled Substances Act, re: cocaine | 10-12-90 | 2 |
| 18 USC 924(c)(1) | Possession and use of a firearm in commission of drug offense | 10-12-90 | 3 |

The defendant is sentenced as provided in pages 2 through __4__ of this Judgment. The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

☐ The defendant has been found not guilty on count(s) _____, and is discharged as to such count(s).
☐ Count(s) _____ (is)(are) dismissed on the motion of the United States.
☐ The mandatory special assessment is included in the portion of this Judgment that imposes a fine.
☒ It is ordered that the defendant shall pay to the United States a special assessment of $ 150.00 , which shall be due immediately.

It is further ordered that the defendant shall notify the United States Attorney for this district within 30 days of any change of residence or mailing address until all fines, restitution, costs, and special assessments imposed by this Judgment are fully paid.

Defendant's Soc. Sec. Number:
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

Defendant's Date of Birth: 11/26/49
Defendant's mailing address:
1050 Bragg Street
Montgomery, Alabama 36108

Defendant's residence address:
Same as above

April 19, 1991
Date of Imposition of Sentence

*[signature]*
Signature of Judicial Officer
MYRON H. THOMPSON, CHIEF JUDGE
UNITED STATES DISTRICT COURT
Name & Title of Judicial Officer

April 19, 1991
Date

EOD  4-19-91

| | |
|---|---|
| Defendant: AL JOSEPH FELDER, SR. | Judgment—Page 2 of 4 |
| Case Number: 90-271-N | |

## IMPRISONMENT

The defendant is hereby committed to the custody of the United States Bureau of Prisons to be imprisoned for a term of **one hundred ninety-six (196) months**

This term consists of terms of one hundred thirty-six (136) months on count one and one hundred thirty-six (136) months on count two and sixty (60) months on count three. The term in count two is to be served concurrently to the term in count one and the term in count three is to be served consecutively to the terms on counts one and two.

The Court finds that there are no factors that are aggravating or mitigating to the extent that they indicate a sentence outside the guideline range. The sentence is hereby imposed pursuant to 21 U.S.C. 851(d)(1).

The Court further finds that the sentence imposed is consistent with the factors stated at Title 18, Section 3553(a), United States Code to be considered in imposing a sentence.

The defendant is hereby ordered to stand committed for service of this sentence this date.

☐ The court makes the following recommendations to the Bureau of Prisons:

☒ The defendant is remanded to the custody of the United States marshal.
☐ The defendant shall surrender to the United States marshal for this district,
    ☐ at _____ a.m./p.m. on _____
    ☐ as notified by the United States marshal.
☐ The defendant shall surrender for service of sentence at the institution designated by the Bureau of Prisons,
    ☐ before 2 p.m. on _____
    ☐ as notified by the United States marshal.
    ☐ as notified by the probation office.

## RETURN

I have executed this judgment as follows:

_____
_____
_____
_____

Defendant delivered on _____ to _____ at _____, with a certified copy of this judgment.

_____
United States Marshal

By _____
Deputy Marshal

★U.S.GPO:1990-722-448/10286

Defendant: AL JOSEPH FEI , SR.
Case Number: 90-271-N

Judgment—Page 3 of 4

## SUPERVISED RELEASE

Upon release from imprisonment, the defendant shall be on supervised release for a term of <u>five (5) years on count one and three (3) years on count two and three (3) years on count three, all such terms to run concurrently.</u>

While on supervised release, the defendant shall not commit another federal, state, or local crime and shall not illegally possess a controlled substance. The defendant shall comply with the standard conditions that have been adopted by this court (set forth below). If this judgment imposes a restitution obligation, it shall be a condition of supervised release that the defendant pay any such restitution that remains unpaid at the commencement of the term of supervised release. The defendant shall comply with the following additional conditions:

[X] The defendant shall report in person to the probation office in the district to which the defendant is released within 72 hours of release from the custody of the Bureau of Prisons.

[ ] The defendant shall pay any fines that remain unpaid at the commencement of the term of supervised release.

[X] The defendant shall not possess a firearm or destructive device.

[X] The defendant shall participate in a substance abuse treatment program as directed by the probation officer.

[X] The defendant shall provide the probation officer with any requested financial information.

## STANDARD CONDITIONS OF SUPERVISION

While the defendant is on supervised release pursuant to this judgment, the defendant shall not commit another federal, state or local crime. In addition:

1) the defendant shall not leave the judicial district without the permission of the court or probation officer;
2) the defendant shall report to the probation officer as directed by the court or probation officer and shall submit a truthful and complete written report within the first five days of each month;
3) the defendant shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer;
4) the defendant shall support his or her dependents and meet other family responsibilities;
5) the defendant shall work regularly at a lawful occupation unless excused by the probation officer for schooling, training, or other acceptable reasons;
6) the defendant shall notify the probation officer within 72 hours of any change in residence or employment;
7) the defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any narcotic or other controlled substance, or any paraphernalia related to such substances, except as prescribed by a physician;
8) the defendant shall not frequent places where controlled substances are illegally sold, used, distributed, or administered;
9) the defendant shall not associate with any persons engaged in criminal activity, and shall not associate with any person convicted of a felony unless granted permission to do so by the probation officer;
10) the defendant shall permit a probation officer to visit him or her at any time at home or elsewhere and shall permit confiscation of any contraband observed in plain view by the probation officer;
11) the defendant shall notify the probation officer within seventy-two hours of being arrested or questioned by a law enforcement officer;
12) the defendant shall not enter into any agreement to act as an informer or a special agent of a law enforcement agency without the permission of the court;
13) as directed by the probation officer, the defendant shall notify third parties of risks that may be occasioned by the defendant's criminal record or personal history or characteristics, and shall permit the probation officer to make such notifications and to confirm the defendant's compliance with such notification requirement.

Defendant: AL JOSEPH FELDER, SR.
Case Number: 90-271-N

Judgment—Page 4 of 4

## STATEMENT OF REASONS

☒ The court adopts the factual findings and guideline application in the presentence report.

OR

☐ The court adopts the factual findings and guideline application in the presentence report except (see attachment, if necessary):

**Guideline Range Determined by the Court:**

Total Offense Level: 32

Criminal History Category: I

Imprisonment Range: 121 to 151 months

Supervised Release Range: 3 to 5 years

Fine Range: $ 17,500.00 to $ 8,000,000.00

  ☒ Fine is waived or is below the guideline range, because of the defendant's inability to pay.

Restitution: $ —

  ☐ Full restitution is not ordered for the following reason(s):

☐ The sentence is within the guideline range, that range does not exceed 24 months, and the court finds no reason to depart from the sentence called for by application of the guidelines.

OR

☒ The sentence is within the guideline range, that range exceeds 24 months, and the sentence is imposed for the following reason(s): The sentence of 136 months on counts one and two is in the middle of the guideline range of 121-151 months. The court declines to give a sentence at the bottom of this range for two reasons: because the offense was committed while the defendant was free on release conditions and bond for an alleged similar offense and because the defendant's conduct has had a negative effect on his eleven-year-old daughter. The Court considers that a sentence at the middle of the range is sufficient to address these concerns.

The sentence departs from the guideline range        OR

  ☐ upon motion of the government, as a result of defendant's substantial assistance.

  ☐ for the following reason(s):