IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
FOR THE NORTHERN DIVISION

RECEIVED
2006 APR 20  A 9:56

⋯CKETT, CLK
⋯T COURT

AL JOSEPH FELDER, SR.
    PETITIONER
    -V-
UNITED STATES OF AMERICA
    RESPONDENT

CIVIL ACTION NO: CV-03-T-1206-N
CRIMINAL ACTION NO: CR-90-271-N

" TO JUDGE MYRON THOMPSON ONLY "

---

    Motion To United States District Court Judge Myron Thompson To Dismiss Indictment In This Said Criminal Case Due To Government's Omission Of The Distribute And Manufacture Crime Offenses From Petitioner's Indictment/ Petitioner Requesting This Honorable District Court To Take Judicial Notice Of The Records Before It/ Petitioner Also Request This Honorable Court To Incorporate All Briefs; Motions And Documents Filed In CV-03-T-1206-N With This Motion To Dismiss Indictment.

---

    Now Comes, the Petitioner Al Joseph Felder, Sr., by and through pro-se, hereby requesting United States District Court Judge Myron Thompson to dismiss the indictment in the Petitioner's criminal case, Petitioner's submits the following facts in support of this dismissal to wit:

I.    Petitioner in this said cause admits to this Honorable District Court that he is a pro-se litigant, which he is unlearned in the science of law, However, On December 10, 2003 the Petitioner's filed a Petition For Habeas Corpus, Pursuant To 28 U.S.C. § 2255, while in federal custody, this said petition was supported by the following:

  A.    Sworn Affidavit;
  B.    Memorandum of Law Brief;
  C.    Motion Requesting The Court For Permission To File First Belated Motion For § 2255, Due To Jurisdictional Defect And Other Impediment Issues. etc; al.

II.    Petitioner states that he raised ten (10) <u>Issues</u> within his habeas corpus petition, which included the following:

SCANNED
4-20-06   172

    A. Fatally and defective indictment;
    B. Actual innocence claims;
    C. Numerous ineffective assistance of counsel claims;
    D. Subject matter jurisdictional defect claim;
    E. etc; al.

III.    Petitioner states that his § 2255 Petition was forward to Magistrate Judge Charles S. Coody for disposition....However, When District Court Judge Myron Thompson knew or should have known that such action was in violation of <u>Article III of the United States Constitution</u>, <u>Magistrate Act</u>, Pursuant To 28 U.S.C. § 636, as well as <u>laws of the higher courts</u>.

IV.    Petitioner states that the following records from the Courts and the Government clearly reveals that the Court and the Government knew or should have known that the indictment in this said cause was fatally defective, and the District Court's <u>only</u> duty was to examine the records and dismiss the cause for lack of jurisdiction:

1.    <u>See Exhibit E</u>:
    Petitioner's indictment which consist of the following counts:

Count I-----intent to distribute 51.4 grams of cocaine base, in violation of Title 21 U.S.C. § 841, etc.
Count II----intent to distribute 320.0 grams of cocaine, in violation of Title 21 U.S.C. § 841, etc;
Count III---Use and carry firearm during a drug trafficking crime, in violation of Title 18 U.S.C. § 924 (c) (1).

2.    <u>See Exhibit A</u>:
    Alleged affidavit, dated October 11, 1990, which supports an <u>Anytime Search Warrant</u>. However, This said affidavit alleged two (2) violations of Title 21 U.S.C. § 841. See the following in part:

a.    <u>21 U.S.C. § 841</u>, <u>Distribute</u> violation: Alleged affidavit clearly states that a reliable confidential informant purchased a quantity of cocaine base from Felder.

b.    <u>21 U.S.C. § 841</u>, <u>Manufacture</u> violation: Alleged affidavit clearly states that cocaine was made at Felder's resident.

3.    <u>See Exhibit B</u>:
    Affidavit dated October 12, 1990, which supports the criminal complaint for the arrest warrant. However, This affidavit clearly

-2-

states that a reliable confidential informant purchased a quantity of cocaine base from Al Joseph Felder, in violation of Title 21 U.S.C. § 841, Distribute.

4. See Exhibit C:

Probable Cause and Detention Hearing, dated October 15, 1990 (only) three (3) days after Petitioner's arrest), before the Honorable Magistrate Judge Charles S. Coody (the same magistrate judge that is presiding over petitioner's habeas corpus proceeding). However, Case Agent Corporal H. C. Forte's testified to the following, before the Honorable Magistrate Judge Charles S. Coody that he had a no-knock variety search warrant, and that a reliable confidential informant purchased a quantity of cocaine base (crack) from the Petitioner. See Exhibit C:

Page 11

11  Q.    was the search warrant of the no-knock variety ?
12  A.    yes, sir, it was

Page 3

3  of September, again we sent the same informant into 1050
4  Bragg Street and this time the informant purchased a quantity
5  of crack cocaine from Al Joseph Felder. etc; al.

Petitioner states that the testimony of case agent Corporal H. C. Forte at the probable cause and detention hearing, on October 15, 1990, before the Honorable Magistrate Judge Charles S. Coody, on page 3, lines 3-5, clearly demonstrates that a distribute offense, of 21 U.S.C. § 841, has taken place, due to the informant purchased a quantity of cocaine base from the petitioner.

5. See Exhibit D:

Petitioner's Presentence Report, The Offense Conduct states the following:

Page 2/The Offense Conduct, Paragraph # 4

(4).    On October 11, 1990, Judge Clark Campbell (Petitioner's former attorney), Montgomery Municipal Court Judge, issue a search warrant authorizing members of the Narcotics Divison of the Montgomery Police Department to search the defendant's home for cocaine, drug paraphernalia, cash and weapons. The affidavit for the warrant alleged that a confidential informant has witnessed and purchased cocaine at the defendant's home in the past

-3-

Petitioner has demonstrated that the conduct offense alleged in his presence report is a violation of 21 U.S.C. § 841, <u>Distribute Offense</u>, " a confidential informant purchased cocaine at the petitioner's home."

V. <u>Sufficiency Of An Indictment</u>

A.  <u>Federal Rules Of Criminal Procedure</u>, <u>Rule 7 (c)</u> states that the indictment or information shall be a plain, concise and definite written statement of the essential facts constituting of the offense charged. It shall be signed by the attorney for the government. etc; al., Also, See <u>Russell v. United States</u>, 369 U.S. 749, 8 L. Ed. 2d 240, 82 S.Ct. 1038 (1962).

B.  An indictment's failure to charge an offense constitutes a jurisdictional defect. See <u>United States v. Meacham</u>, 626 F2d 503 (5th Cir. 1980)[1] Since Meacham was decided, several decisions of this Court ( Eleventh Circuit) have reaffirmed it vitality. In <u>United States v. Tomeny</u>, 144 F3d 749 (11th Cir. 1998), We cited <u>Meacham</u> for the proposition that a claim that the indictment fails to charge an offense is a jurisdictional claim, not waived by entry of a guilty plea. Id. at 751. However, Because an indictment is jurisdictional, defendant at anytime may raise an objection to the indictment based on failure to charge an offense, and the defect is not waived by a guilty plea. <u>Morales-Rosales,</u> 838 F2d at 1361-62; See also, Fed. R. Crim. P. 12 (b)(2), <u>United States v. Bell</u>, 22 F3d 274 (11th Cir. 1994).

C.  <u>To Be Sufficient</u>, An indictment must alleged each material element of the offense; if it does not, it fails to charge that offense. See <u>Russell v. United States</u>, 369 U.S. 749-763-64, 82 S.Ct. 1038, 8 L. Ed. 2d 240 (1962).

There is no question that a <u>Grand Jury Indictment</u> " must " set forth each essential element of an offense in order for a resulting conviction to stand. See <u>Russell v. United States</u>, 369 U.S. 749, 82 S.Ct. 1038, 8 L. Ed. 2d 240 (1962); <u>United States v. Italiano</u>, 837 F2d 1480, 1482 (11th Cir. 1988); <u>United States v. Gayles</u>, 936 F2d 1234 (11th Cir. 1991) (en banc, cert. denied 507 U.S. 467, 113 S.Ct. 1402, 122 L. Ed. 2d 775 (1993); <u>United States v. Fern</u>, 117 F3d 1298 (11th Cir. 1997).

This well settled rule serves a dual function. <u>First</u>, The <u>Sixth Amendment</u> to the Constitution requires that every criminal defendant " be informed of the nature and cause of the accusation." Inclusion of the essential elements of an offense in an indictment

-4-

provides the accused with the bare minimum of information necessary to meet this requirement. <u>Second</u>, The <u>Fifth Amendment</u> guarantees the right of a grand jury indictment to each prosecuted for an " <u>infamous</u> " or serious crime. A jury can perform it function of determining probable cause and returning a true bill <u>only</u>, <u>if all elem- of the offenses are contained in the indictment</u>. To allow the <u>prosecutor</u>, or the <u>court</u>, to make a subsequent guess as to what was in the minds of the grand jury at the time they return the indictment would deprive the defendant of a basic protection which the guaranty of the intervention of a grand jury was designed to secure. <u>For a defendant could be convicted on the basis of facts not found by and perhaps not even presented to the grand jury which indicted him</u>. See <u>Orfield</u>, <u>Criminal Procedure From Arrest To Appeal</u>, 243.. Also, See <u>Russell v. United States</u>, 369 U.S. 749 (1962).

D.   A bill of particular would not cure a defective indictment. See <u>Russell v. United States</u>, 369 U.S. 749 (1962). Furthermore, A facially complete criminal complaint cannot make up for the shortcoming of the indictment. However, The indictment need not be limited to the term of a criminal complaint. Because the indictment may stray from the complaint, it would be improvident to turn to the complaint to flush out the indictment. Rather, We expect that grand juries may finds things that do not appear in the complaint of fail to find things that do. See <u>Fairman v. United States</u>, 544 F2d 192 (5th Cir).[2]

Petitioner states that the Government's omission of the <u>distribute</u> and the <u>manufacture</u> offenses from his indictment, in this said cause, is a jurisdictional defect. See <u>Exhibits E-A-B-C-D</u>. However, <u>distribute</u> and <u>manufacture</u> are offenses of <u>21 U.S.C. § 841</u>, Federal Rules of Criminal Procedure.

<u>Footnotes</u>:

1.   In <u>Bonner v. City of Prichard</u>, 661 F2d 1206 (11th Cir. 1981), Eleventh Circuit adopted as binding precedent of the Fifth Circuit rendered prior to the close of business on September 30, 1981.

2.   See <u>Fairman v. United States</u>, 544 F2d 197, 198 (5th Cir. 1976)(rejecting that indictment defective because it alleged transaction not alluded to in the complaint). In <u>Bonner v. City of Prichard</u>, 661 F2d 1206 (11th Cir. 1981), Eleventh Circuit adopted as binding precedent of the Fifth Circuit rendered prior to the close of business on September 30, 1981.

-5-

VI.                         Evidence Found After The Arrest

    A.     Petitioner states that his indictment which was rendered by the Government consisted of the Petitioner's personal firearms and the alleged drugs that the corrupted cops (who was under investigation by this very same Government, at the time of this said indictment), found after the arrest, to form the basis for probable cause for this arrest and search. See Exhibits E-A-B-C-D. However, The Government and the Court knew or should have known that it is well settled law in the United States Supreme Court, that evidence recovered after the arrest may not form the basis for probable cause for that arrest. See Maryland v. Garrison, 480 U.S. 75, 85, 107 S.Ct. 1013, 1017, 94 L. Ed. 2d 72 (1987), Also See Smith v. Ohio, 494 U.S. 541, 543, 110 S.Ct. 1288, 1290, 108 L. Ed. 2d 464 (1990) (Is " axiomatic that an incident search may not precede an arrest and serve as part of its justification ") (quoting Sibron v. New York, 392 U.S. 40, 63, 88 S. Ct. 1889, 1902, 20 L. Ed. 2d 917 (1968). However, Whether a formal arrest occurred prior to or followed " quickly on heel " of the challenged search does not affect the validity of the search so as long as the probable cause existed prior to the search. See Rawling v. Kentucky, 448 U.S. 98, 111, 100 S.Ct. 2556, 2564-65, 65 L. Ed. 2d 633 (1980).

    B.     Petitioner states that in this instant criminal case, the probable cause existed after the arrest and search. See Exhibits E-A-B-C-D. However, The Government's omitted the distribute and the manufacture offenses elements, of the crime offense from the Petitioner's indictment. See Exhibit E (Petitioner's indictment), Also, See Exhibits A-B-C-D, Which are the omitted offenses of 21 U.S. § 841, distribute and manufacture that are omitted from the Petitioner's indictment.

VII.                          Jurisdictional Defect

    A.     Petitioner states that he has made numerous of motions to this Honorable Court, which demonstrated that no federal courts has legal jurisdiction over this said subject matter, due to the Petitioner's indictment fails to charge an offense. See Exhibits A-B-C-D and Exhibit E (Petitioner's indictment). Furthermore, The District Court knew or should have known that the failure of the Government to charge an offense is a jurisdictional defect. However, A jurisdictional defect is one that " strip [s] the Court of its

      <u>power to act and makes it judgment voided.</u>   See <u>Escareno v. Nolte Sohne Gmb H & Co.</u>, 77 F3d 407, 412 (11th Cir. 1996); <u>Mc Coy V. United States,</u> 266 F3d 1245 (11th Cir. 2001); Also, See <u>Louisville Railroad Co., v. Motley,</u>  211 U.S. 149, 152, 29 S.Ct. 42, 53 L. Ed. 126 (1908) (ordering case dismissed for lack of jurisdiction despite absence of objection from either party to trial court's previous adjudication of merit).

  B.   Petitioner states that this Honorable Court knew or should have known that " it is a violation of <u>Article III of The United States Constitution and 28 U.S.C. § 636</u>, to entertain a subject matter without jurisdiction of the Court, even when the parties failed to raise the issue, and also, it was unlawful to conferred this subject matter to the Magistrate Judge without power of the District Court.

VIII.    Federal Court Are Courts Of Limit Jurisdiction, Also Federal Courts Has An Independent Obligation To Review Its Authority To Hear A Case Before It Proceeds To The Merits.

  A.   Petitioner states that this Honorable District Court Knew or should have known that " it is a fundamental principle of law that federal court are courts of limit jurisdiction.  possess <u>only</u> power authorized by Constitution and Statutes."  See <u>Kokkomen v. Guardian Life Ins. Co. of America</u>, 511 U.S. 375, 377 (1994); <u>United States v. Griffin</u>, 303 U.S. 226, 229, 58 S.Ct. 601, 82 L. Ed. 284 (1938); <u>Taylor v. Appleton</u>, 30 F3d 1365, 1367 (11th Cir. 1994) ( stating that federal courts are " empowered to hear <u>only</u> those cases within the jurisdictional power of the United States as defined by Article III of Constitution or other authorized by Congress.") It follows from this principle of limited jurisdiction that a federal court has an independent obligation to review its authority to hear a case before it proceeds to the merits.  See <u>American Life & Cas. Co. v. Finn</u>, 341 U.S. 6, 18, 7n; <u>University of South Alabama v. American Tobacco Co.</u>, 168 F3d 405, 410 (11th Cir. 1999). Also See <u>Insurance Corp. of Ir., Ltd. v. Compagnie des Guines</u>, 456 U.S. 694, 701, 102 S.Ct. 2099, 72 L. Ed. 2d 492 (1982) (" A Court... will raise lack of subject matter jurisdiction on it own motion."); <u>Fitzgerald</u>, 760 F2d at 1251 (" a federal court not <u>only</u> has the power but also the obligation at any time to inquire into jurisdiction whenever the possibility that jurisdiction does not exist arises.") (citing <u>Philbrook v. GLODGETT</u>, 421 U.S. 707, 95 S.Ct.

1893, 44 L. Ed. 2d 525 (1975); <u>City of Kenosha v. Bruno</u>, 412 U.S. 507, 93 S.Ct. 2222, 37 L. Ed. 2d 109 (1973).

B. Petitioner states that this Honorable District Court knew or should have known that they are bound to assure themselves of jurisdiction, even if the parties failed to raise the issue. However, In this said cause, the district court has failed it's obligation to assure themselves of jurisdiction before proceeding to the merit of Petitioner's criminal and civil proceeding. See <u>Philbrook v. Glodgett</u>, 421 U.S. 707 (1975) and <u>Louisville Railroad Co. v. Mottley</u>, 211 U.S. 149 (1908) ( ordering dismissal, for a lack of jurisdiction despite absence of objection from either party to trial court's previous adjudication of merit.) However, The action of the district court deprived the petitioner's of his liberty and property without process, and caused a conviction and sentence to remain upon the Petitioner without jurisdiction of the court.

C. Petitioner states that this Honorable District Court knew or should have known that it's had no power to conferred jurisdiction upon the Magistrate Judge, <u>When the District Court's itself is lacking subject matter jurisdiction to proceed.</u>

IX. District Court Cannot Confer Jurisdiction Upon The Magistrate Judge When The District Court Is Lacking Subject Matter Jurisdiction To Proceed.

A. Petitioner states that the District Court knew or should have known that it's has lost all of it's power to proceed in this matter, and Furthermore, had no power and legal rights to confer jurisdiction to the Magistrate Judge. However, The Federal District Court, For The Middle District of Alabama has been stripped of it's power to act and its judgment made voided in this said cause, <u>United States v. Al Joseph Felder, Sr.</u>, <u>CC-90-271-N; CV-03-T-1206-N</u> , due to a jurisdictional defect, when the Government's omitted the <u>distribute</u> and <u>manufacture</u> offenses, of the crime offense from the Petitioner's indictment. See <u>Exhibits A-B-C-D</u>, Also See <u>Exhibit E  (Petitioner's Indictment)</u>.

Thus Congress has not authorized a magistrate to accept subject matter jurisdiction over a case such as this. And it is axiomatic that parties cannot themselves confer subject matter jurisdiction. See e.g., <u>Mitchell v. Maurer</u>, 293 U.S. 237, 244, 55 S.Ct. 162, 79 L. Ed. 338 (1834); C. Wright, Federal Courts 17 (3d ed. 1976).

Since Congress has not authorized cases such as this one to be referred to a magistrate, the district court judge was without power

to assign the case to a magistrate. Being without that power, no subsequent action of the district court could have validated that assignment.

Petitioner states that United States District Court Judge Myron Thompson, knew or should have known that he was in violation of <u>Article III of The United States Constitution</u>, and Also in violation of <u>Magistrate Act</u>, Pursuant To <u>28 U.S.C. § 636 (b) (1) (A)</u>, Which clearly states in part that <u>a magistrate judge does not have the power to dismiss or quash an indictment or information made by the defendant</u>. etc; al.

Petitioner states that District Court Judge Myron Thompson knew or should have known that the district court <u>only</u> obligation or should I say district court <u>only</u> legal obligation in this said cause was to order a dismissal, for a lack of jurisdiction despite absence of objection from either party to trial court's previous adjudication of merit. See <u>Louisville Railroad Co. v. Mottley</u>, 211 U.S. 149, 152, 29 S.Ct. 42, 53 L. Ed. 126 (1908).

Wherefore, Petitioner pray that this Honorable District Court incorporate all the motions, brief and documents with this said request, and dismiss this said indictment for lack of jurisdiction within thirty (30) days upon receipt of this said motion.

Respectfully Submitted,

*Al Joseph Felder, Sr.*
Al Joseph Felder, Sr.

## Certificate of Service

I, Al Joseph Felder, Sr., the petitioner in this said foregoing, on April 17 2006, place a copy of this foregoing in the prisoner's mailroom, with first class postage, to be forward to the following:

United States Attorney Leura Canary
For The Middle District of Alabama
P.O. Box 197
Montgomery, Alabama 36101-0197

Respectfully Submitted,

*Al Joseph Felder, Sr.*
Al Joseph Felder, Sr.
# 163413
P.O. Box 56
Elmore, Alabama 36025

## Sworn Affidavit Upon The Penalty Of Perjury

I, Al Joseph Felder, Sr., the petitioner in this said foregoing, swear under the penalty of perjury, pursuant to 28 U.S.C. § 1746, that the content of this foregoing is true and correct, to the best of my recollection.

| *James H. Lindsey* | 4-17-06 | 1/28/08 Elmore, AL |
|---|---|---|
| Notary Public | Date | Expiration of Commission |