IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| | ) | CIVIL ACTION NO. 2:03cv1206-T |
| v. | ) | (WO) |
| | ) | |
| AL JOSEPH FELDER, SR. | ) | |

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

**I. FACTS and PROCEDURAL HISTORY**

Al Joseph Felder, Sr., ("Felder") was convicted in this court of two counts of distribution of cocaine[1] in violation of 21 U.S.C. § 841(a)(1) and one count of unlawful possession of a firearm in violation of 18 U.S.C. § 924(c)(1). On April 19, 1991, Felder was sentenced to consecutive sentences of 136 months' imprisonment on the distribution counts and 60 months' imprisonment on the firearm count. Felder appealed and, on March 26, 1992, the Eleventh Circuit Court of Appeals affirmed his conviction. *See U.S. v. Felder*, 959 F.2d 972 (11th Cir. 1992) (Table). The United States Supreme Court denied Felder's petition for writ of certiorari on October 4, 1993. *See Felder v. U.S.*, 510 U.S. 882 (1993).

On December 10, 2003, Felder filed this motion to vacate, set aside or correct sentence pursuant to 28 U.S.C. § 2255. In his motion, Felder asserts the following claims:

(1) The indictment was insufficient to sustain his conviction due to the omission of several statutory elements.

---

[1] Felder was charged with distribution of cocaine base (Count One) and distribution of cocaine (Count Two).

(2) He is actually innocent of the charges in Count III of the indictment.

(3) He is entitled to a reduction in sentence due to his completion of a drug treatment program, and in light of his actual innocence with respect to Count III of the indictment.

(4) He is actually innocent of the charges in Count I of the indictment in light of a Government witness' testimony and due to the differences between crack cocaine and cocaine base.

(5) He is actually innocent of the arrest element alleged in the affidavit that served as the basis for the criminal complaint against him.

(6) He received the ineffective assistance of counsel because:

    (a) Trial counsel failed to subject the Government's case to adversarial testing and permitted prosecutorial and judicial misconduct.

    (b) Trial counsel failed to challenge findings in the pre-sentence investigation report concerning conduct and the crack cocaine charge.

    (c) Appellate counsel failed to raise constitutional claims concerning his motion for new trial on appeal.

    (d) Appellate counsel failed to raise Fifth Amendment claims on appeal.

(7) This court lacked subject matter jurisdiction to convict him because the results of drug laboratory

2

testing were obtained after his arrest. Specifically, he argues that laboratory evidence should not have formed the basis for his arrest.

(Doc. Nos. 1 & 3.)

Pursuant to this court's order, the United States filed a response to Felder's motion, in which the government argues that the motion to vacate is barred by the one-year limitation period applicable to 28 U.S.C. § 2255 motions. *See* § 105 of the Anti-Terrorism and Effective Death Penalty Act.[2] Specifically, the United States contends that Felder's § 2255 motion is untimely because Felder failed to file his motion within one year of his conviction becoming final. Felder was afforded an opportunity to respond to the government's pleadings and has done so. In his response, Felder asserts that his claims should not be barred because he is actually innocent. Upon review of the pleadings filed in this case, the court concludes that Felder failed to file the instant § 2255 motion within the time allowed by law in this Circuit. The court also finds that Felder has demonstrated that *Bailey v. United States*, 516 U.S. 137 (1995), establishes that he is actually innocent of Count 3 of the indictment. Therefore, with the exception of Felder's *Bailey* claim, the court concludes that all of his claims are barred from this court's review.

---

[2] "Section 105 amended 28 U.S.C. § 2255, establishing a one-year 'period of limitation' for motions filed pursuant to § 2255." *Goodman v. United States*, 151 F.3d 1335, 1336 (11th Cir. 1998). This section became effective on April 24, 1996.

3

## II. DISCUSSION

### A. The Limitations Period

Title 28 U.S.C. § 2255 specifies that the one-year period of limitation begins from the latest date of

> (1) the date on which the judgment of conviction becomes final;
> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
> (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
> (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

Felder's convictions became final on October 4, 1993, upon denial of his petition for writ of certiorari by the United States Supreme Court. If the AEDPA were applied retroactively, the time for filing Felder's § 2255 motion would have expired in October 1994. However, the Eleventh Circuit has held that "a federal prisoner whose conviction became final prior to the effective date of the AEDPA, April 24, 1996, has one year, until April 23, 1997, to file a § 2255 motion." *Jones v. U.S.*, 304 F.3d 1035, 1038 (11th Cir. 2002) (citing *Goodman v. U.S.*, 151 F.3d 1335, 1337-38 (11th Cir. 1998)).

### B. The Newly Recognized Right

Felder asserts that, in light of the Supreme Court's decision in *Bailey v. United States*, *supra*, his failure to file his § 2255 motion in a timely manner should be excused and his

4

conviction for possession of a firearm should be set aside. In *Bailey*, the Court recognized a defendant's right to be free of criminal liability under § 924(c)(1) for conduct that had previously supported a conviction. Additionally, the Court recognized a new right within the meaning of § 2255(3). *Id.* In *Bousley v. United States*, 523 U.S. 614 (1998), the Court made *Bailey* retroactively applicable to cases on collateral appeal.

Felder seeks to benefit from the holding in *Bailey*, which was decided on December 6, 1995. In general, a movant has one year from the date on which the Supreme Court initially recognized the right asserted. *See Dodd v. U.S.*, 125 S.Ct. 2478 (2005); §2255(3). Therefore, if the AEDPA were applied retroactively, Felder's time for filing his *Bailey* claim would have expired on December 6, 1996. However, because Felder's conviction became final prior to the effective date of the AEDPA, Felder had until April 23, 1997, to file his § 2255 motion. Felder filed this § 2255 motion on December 10, 2003.

Although Felder does not dispute that his § 2255 motion is untimely, he asserts that this court should consider his *Bailey* claim because the Supreme Court's interpretation of § 924(c)(1) establishes his actual innocence. Specifically, he argues that the jury should not have been charged, and he should not have been convicted of, the use or carrying of a firearm because the facts demonstrate that he did not actively employ the firearms. Felder's argument "raises concerns because of the inherent injustice that results from the conviction of an innocent person." *Wyzykowski v. Dep't of Corr.*, 226 F.3d 1213, 1218 (11th Cir. 2000). Therefore, this Court must determine whether Felder has made a showing of actual innocence

before deciding whether his *Bailey* claim is barred by the statute of limitations. *Id.* To establish actual innocence, a defendant must demonstrate that, "in light of all the evidence, it is more likely than not that no reasonable juror would have convicted him." *Schlup v. Delo*, 513 U.S. 298, 327-28 (1995) (citations omitted). "Actual innocence means factual innocence, not mere legal insufficiency." *Bousley,* 523 U.S. at 615.

In this case, Felder was charged with using or carrying a firearm during the commission of a drug crime. At trial, the jury was instructed that it could find Felder guilty of the gun charge if they determined that he "used" or "carried" a firearm.[3] (R. 178.) Of course, the court's charge to the jury was consistent with Circuit law at the time under which the presence of a weapon in a location near a significant quantity of illegal drugs was sufficient to submit the "use" issue to the jury. *See United States v. Jones*, 28 F.3d 1574 (11th

---

[3] This is the charge given by the court on Count 3: "Now, Title 18, United States Code, Section 924(c)(1) makes it a crime for anyone to use or carry a firearm during and in relation to a drug trafficking crime. For you to find the defendant guilty of this crime, you must be convinced beyond a reasonable doubt that the government has proved all of the following:
First, that the defendant committed the crim alleged in either Counts 1 or 2. And I instruct you that possession with intent to distribute cocaine and cocaine base is a drug trafficking crime. And second, you must find that the defendant knowingly used or carried a firearm during and in relation to the defendant's commission of the crime alleged in Counts 1 and 2. Both of those facts must be proved, as I said, beyond a reasonable doubt, before you can find the defendant guilty of Count 3.
Now, the government is not required to prove that the defendant actually fired the weapon or brandished it at someone in order to prove use as that term is used in these instructions. However, you must be convinced beyond a reasonable doubt that the firearm played a role in or facilitated the commission of a drug offense. In other words, you must find that the firearm was an integral part of the drug offense charge.
Now, the law recognizes two kinds of possession. A person may have actual possession or constructive possession. A person who has direct physical control of something on or around his person, is in actual possession of it. A person who is not in actual possession but has both the power and intention to later take control over something, is in constructive possession of it. Now, whenever the word "possession" has been used by me, in these instructions, it includes both actual as well as constructive possession." (R. 177-179).

6

Cir. 1994), *vacated, Jones v. United States*, 516 U.S. 1022 (1995), *on remand, United States v. Jones*, 74 F.3d 275 (11th Cir. 1996) (vacating § 924(c)(1) conviction for insufficient evidence). During a March 13, 2006, conference, the Government argued that the facts in this case demonstrate that Felder is guilty of violating § 924(c)(1). Specifically, the Government asserted that the circumstantial evidence presented at trial demonstrated that the firearms found in the residence were used in furtherance of a drug crime.

During the criminal trial, City of Montgomery Police Officer Henry C. Forte ("Forte") testified that, on October 12, 1990, he and several other officers executed a search warrant at Felder's residence. (R. 22.) In the living room, Forte found two small plastic bags of crack cocaine and one bag of powder cocaine on the coffee table, a loaded .357 revolver and syringes on top of the television and hand-weighing scales near the area. (R. 25.) In a walk-in closet, officers found 11 ounces of powder cocaine and 1.56 ounces of crack cocaine wrapped in newspaper and duct tape inside a box. (R. 25-26.) Razor blades, triple-beam scales, walkie-talkies, and $4764 in cash were also found in various areas throughout the house. (R. 26-33.) Additionally, an unloaded 16 gauge shotgun and ammunition were found in a front bedroom. (R. 32.)

The problem with the government's "furtherance" argument is that in 1991, § 924(c)(1) did not contain the "in furtherance of" language which was added by Congress in November 1998. *See United States v. Smith*, – F.3d –, 2006 WL 535756 (11th Cir. March 6, 2006). To sustain a conviction in 1991 under the "use" prong of § 924(c)(1), the prosecution

had to demonstrate that the defendant actively employed the firearm during and in relation to the predicate crime. *Bailey*, 516 U.S. at 150. The active employment of a weapon includes brandishing, displaying, bartering, striking with, and firing or attempting to fire a firearm. *Id.* at 148. However, "the inert presence of a firearm, without more, is not enough to trigger § 924(c)(1)." *Id.* at 149. In addition, a defendant cannot be charged under § 924(c) for storing a weapon near drugs or drug proceeds. *Id.* Therefore, "[p]lacement for later active use does not constitute 'use'" under the statute. *Id.* In this case, the facts clearly demonstrate that Felder did not actively employ the firearms during and in relation to the drug crime. Because the revolver was found on top of a television set and the shotgun was found in a bedroom, the evidence in this case cannot support a conviction for *using* a firearm. *See, e.g., U.S. v. King*, 73 F.3d 1564, 1567 (11th Cir. 1996) (storing firearm between mattress and box spring in bedroom was not the type of "active employment" necessary for conviction under the "use" prong of § 924(c)); *U.S. v. Thompson*, 158 F.3d 223, 225 (5th Cir. 1998) ("Under *Bailey*, [the defendant] could not be convicted under the 'use' provision for the firearms found stored in her home."); *U.S. v. Perez*, 129 F.3d 1340, 1342 (9th Cir. 1997) (handgun found where defendant had been sitting on sofa did not establish "use" of the weapon); *U.S. v. Santos*, 84 F.3d 43 (2nd Cir. 1996) (gun stored with cocaine in oven drawer did not establish "use" of a firearm); *Abreu v. U.S.*, 911 F.Supp. 203 (E.D. Va. 1996) (defendant did not use a firearm where gun was found in a toolbox under his bed); *King v. Keller*, [No. 97-CV-1861LEKGLS] 1999 WL 33504426, *2 (N.D.N.Y. April 4, 1999)

(defendant found actually innocent of a § 924(c) violation where the gun was locked in a safe in his residence);

It is likewise clear that the evidence would not sustain a conviction for carrying a firearm during the commission of the drug crime. In this Circuit, "'[a] central and obvious concept inherent in the physical meaning of the word carry is that of some degree of physical transportation or movement.'" *U.S. v. Diaz-Boyzo*, 432 F.3d 1264, 1270 (11th Cir. 2005) (quoting *U.S. v. Mount*, 161 F.3d 675, 679 (11th Cir. 1998)). Thus, a defendant "carries" a firearm if it is carried directly on his person or in his vehicle. *U.S. v. Frye*, 402 F.3d 1123, 1128 (11th Cir. 2005) (citing *Muscarello v. U.S.*, 524 U.S. 125, 131 (1998)). Nothing in the record demonstrates that Felder carried the revolver or shotgun at any time within the meaning of § 924(c). Consequently, the evidence in this case cannot support a conviction for *carrying* a firearm.

The record demonstrates that Felder neither used nor carried a firearm within the meaning of § 924(c)(1) as interpreted by *Bailey*.[4] The court therefore concludes that, in light of all the evidence, it is more likely than not that no reasonable, properly instructed juror would have convicted Felder of violating § 924(c)(1). *See Schlup v. Delo, supra.* Consequently, Felder has demonstrated that he is actually innocent of a violation of § 924(c)(1) as the statute existed in 1991.

---

[4] During the March 13, 2006, status conference, the Government indicated that, if the Court were to conclude that Felder had made a showing of actual innocence, an evidentiary hearing would be unnecessary in light of the record in Felder's criminal case. (Doc. No. 52.)

Next, the court must determine whether barring Felder's *Bailey* claim based on the statute of limitations is constitutional as applied to someone who is actually innocent. *See Wyzykowski, supra.* Although the Eleventh Circuit has not addressed this issue,[5] several courts have indicated that an individual's claim should not be barred by the statute of limitations when a person is actually innocent. *See Gibson v. Klinger*, 232 F.3d 799, 808 (10th Cir. 2000) (suggesting that actual innocence is a rare and exceptional circumstance justifying equitable tolling); *Holloway v. Jones*, 166 F.Supp.2d 1185, 1190 (E.D. Mich. 2001); *Alexander v. Keane*, 991 F.Supp. 329, 338 (S.D.N.Y. 1998).[6] Other courts have held that an actual innocence claim does not constitute a "rare and exceptional circumstance" which would justify tolling of the limitations period, given that most prisoners maintain they are innocent. *See Felder v. Johnson*, 204 F.3d 168, 171 (5th Cir. 2000). In addition, other Circuits have determined that, if a prisoner failed to exercise due diligence or demonstrate that the prosecution prevented him from pursuing a habeas petition or § 2255 motion, his claims should be barred from review, even if he claims actual innocence. *See Flanders v. Graves*, 299 F.3d 974, 978 (8th Cir. 2002) (For an actual innocence claim to be viable, "a petitioner would have to show some action or inaction on the part of the

---

[5]The court declined to reach the issue in *Sibley v. Culliver*, 377 F.3d 1196, 1205 (11th Cir. 2004) (petitioner failed to make sufficient showing of actual innocence). *See also Wyzykowski v. Dept. of Corr.*, 226 F.3d 1213 (11th Cir. 2000).

[6] *Cf. U.S. v. Lee*, [No. 05-3071] 2006 WL 137423 (10th Cir. Jan, 19, 2006) (unpublished opinion) (holding that, although defendant may have demonstrated that he did not carry or use a firearm, defendant's lack of diligence and his failure to show that he was actually innocent of the three drug trafficking counts which were dismissed pursuant to plea negotiations precluded the tolling of the limitations period).

10

respondent that prevented him from discovering the relevant facts in a timely fashion, or, at the very least, that a reasonably diligent petitioner could not have discovered these facts in time to file a petition within the period of limitations."); *Workman v. Bell*, 227 F.3d 331, 342 (6th Cir. 2000) (suggesting that a petitioner's inadvertence would prevent him from filing a post-conviction petition beyond the applicable limitations period).

Congress' establishment of a limitation period for the filing of § 2255 motions was not meant to imprison a person who is actually innocent of the crime for which they were convicted. *See Holloway*, 166 F.Supp.2d at 1190 (E.D. Mich. 2001) ("[U]tiliz[ing] the one year statute of limitations contained in the AEDPA to preclude a petitioner who can demonstrate that he . . . is factually innocent of the crimes that he . . . was convicted of would violate the Suspension Clause contained in U.S. Const. Art. I, § 9 cl. 2, as well as the Eighth Amendment's ban on cruel and unusual punishment."); *Alexander v. Keane*, 991 F.Supp. 329, 338 (S.D.N.Y. 1998) (noting that "[i]f there is any core function of habeas corpus . . . it would be to free the innocent person unconstitutionally incarcerated."). In *Day v. McDonough*, – U.S. –, 2006 WL 1071410 (April 25, 2006), the Court, noting AEDPA's limitations period's core consideration of comity, finality and expeditious handling of habeas proceedings counseled "against an excessively rigid or formal approach to the affirmative defenses . . . " *Id.* at –, *5. While *Day* concerned the authority of a district court to consider *sua sponte* whether a habeas case should be dismissed on timeliness grounds, it confirms that application of rules in this area may give way to other,

11

more important considerations.[7] Because Felder has shown that he is factually innocent of using or carrying a firearm, the court concludes that a miscarriage of justice will occur if the court fails to consider Felder's *Bailey* claim. Thus, Felder's actual innocence is a basis for equitable tolling of the limitation period. Given that Felder has shown that he is actually innocent of possession of a firearm in violation of 18 U.S.C. § 924(c), the court concludes that Felder's motion to vacate, set aside or correct sentence pursuant to 28 U.S.C. § 2255 with respect Count 3 of the indictment is due to be granted.

### C. The Remaining Claims

Felder does not dispute that he filed his § 2255 motion over a year after the enactment of the AEDPA. However, Felder asserts that he was "hindered from bringing a timely filed § 2255 remedy due to the unconstitutional impediment by the government (prosecution team); the court; and plaintiff's private attorneys, accordingly to the United States Department of Justice; Alabama Attorney General's Office; Alabama Department of Forensic Sciences; United States District Courts (Middle District of Alabama); Alabama Bar Association; and records from the news media." (Doc. No. 5 at p.3.) Specifically, he argues that the untimely filing of his § 2255 motion should be excused because defense counsel and government officials failed to provide him necessary information. First, Felder

---

[7]Other rules can give way in the face of a miscarriage of justice. *See e.g. United States v. Williams*, — F.3d —, 2006 WL 942875 (11th Cir. April 13, 2006) (Absent motion for judgment of acquittal, conviction reviewed on appeal for manifest miscarriage of justice). Of course, generally these rules work to the detriment of litigants who fail to assert their rights in a proper or timely manner. The exceptional case is where justice requires ameliorating the consequences of those rules to prevent a miscarriage of justice. Such is the case here.

12

maintains that trial and appellate counsel failed to provide him his "complete criminal case files." (Doc. No. 2 at p.iv.) Felder alleges that counsel failed to provide him copies of defense motions and government responses and other information acquired during the investigation of his case. (Doc. No. 2 at p. 7.) He also alleges that the Alabama Bar Association and this court failed to discipline counsel for failing to provide him his complete criminal files.

A movant's failure to exercise due diligence before enactment of the AEDPA "cannot support a finding that a [§ 2255 motion] fails to satisfy the timeliness requirement of § 2255(4)." *Aron v. United States*, 291 F.3d 708, 713 (11th Cir. 2002). Therefore, Felder "cannot be penalized for any lack of diligence before AEDPA's enactment, because at that time there was no requirement that he act diligently." *Aron*, 291 F.3d at 713. Thus, this court must determine whether Felder exercised due diligence after the AEDPA's enactment.

Section 2255(4) "does not require the maximum feasible diligence, but only 'due,' or reasonable diligence. . . . Due diligence therefore does not require a prisoner to undertake repeated exercises in futility or to exhaust every imaginable option, but rather to make reasonable efforts." *Aron*, 291 F.3d at 712. In evaluating whether a movant "exercised due diligence *after* April 24, 1996, a court should consider any previous actions the [movant] took to assess what it would have been reasonable for him to do after that date." *Id.*

13

The court finds that Felder was aware of the nature of his conviction and sentence prior to enactment of the AEDPA. Because Felder was present during his trial and at sentencing, he knew of the evidence underlying his conviction, the trial court's rulings, and the sentence he received for each conviction. Additionally, Felder knew that counsel failed to raise certain arguments at trial and on appeal. Therefore, the court concludes that Felder was aware of the operative facts which were relevant to his § 2255 claims on April 24, 1996, and that the limitations period began running on that date.

Although Felder asserts that he repeatedly attempted to obtain certain documents from his attorneys during the running of the limitations period, the court finds that the facts supporting his claims could have been discovered through the exercise of due diligence before expiration of the limitations period on April 24, 1997.[8] Thus, the one-year period of limitation expired prior to the filing of Felder's motion to vacate in this court.

The limitation period "may be equitably tolled" on grounds apart from those specified in the statute if there are "extraordinary circumstances" presented by the movant which warrant an "equitable tolling" of the limitation period. *Sandvik v. United States*, 177 F.3d 1269 (11th Cir. 1999). Felder alleges that the limitation period should be equitably

---

[8] It does not appear that the remaining § 2255 exceptions to application of the limitation period are applicable. Specifically, Felder's claims, with the exception of his *Bailey* claim, do not rest on an alleged "right [which] has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review" and the government has not prevented Felder from filing an earlier motion. *See* 28 U.S.C. § 2255(2) & (3). Although Felder asserts that the limitation period should be tolled because the court, the prosecution, and the Department of Defense failed to force his defense counsel to return his complete criminal case files, there is no showing that the Government created any impediment which prevented Felder from filing his § 2255 motion.

14

tolled because he requested the complete records from his criminal case files from his attorneys before filing his § 2255 motion in this court. As previously discussed, Felder was aware of the facts in support of his claims several years before he filed his § 2255 motion in this court. Thus, Felder's assertion that his late filing was beyond his control fails to explain why he failed to file this motion before April 1997.

Finally, Felder claims that he is actually innocent and that a miscarriage of justice will occur if the court does not consider the remaining claims. Specifically, Felder asseverates that he is innocent because: (1) newspaper articles and other sources indicate that certain members of the police department were investigated for participating in corruptive activities around the time he was arrested and went to trial; (2) the results of a drug laboratory report were not produced until after the issuance of an arrest warrant; and (3) cocaine base and crack cocaine are similar substances.

As previously discussed, the "actual innocence" standard is linked to a "fundamental miscarriage of justice" analysis. *Schlup*, 513 U.S. at 315. Innocence is not an independent claim; rather, it is the "gateway" through which a movant must pass before a court may consider constitutional claims which are defaulted or barred. *Id.* This exception applies where a movant establishes that "a constitutional violation has probably resulted in the conviction of one who is actually innocent." *Murray v. Carrier*, 477 U.S. 478, 496 (1986); *Schlup, supra*. Actual innocence is defined as "factual innocence, not mere legal insufficiency." *Bousley v. U.S.*, 523 U.S. at 623; *Sawyer v. Holder*, 326 F.3d 1363, 1367

15

(11th Cir. 2003).

With respect to the remaining claims, Felder's allegations fail to establish his actual innocence. First, Felder's assertion that newspaper articles and other documentation demonstrate that some law enforcement officials may have participated in corrupt activities does not establish that any officers engaged in such activity with respect to his case at the time of his arrest or during his trial. In addition, Felder's argument regarding the laboratory report is merely a claim that the evidence was insufficient to establish probable cause to issue the arrest warrant. Thus, Felder's challenge to the sufficiency of the arrest warrant does not satisfy the standard set forth in *Schlup*.

Next, Felder's allegation that he should have been sentenced under the more lenient Sentencing Guidelines provisions because crack cocaine and cocaine base are similar substances is merely a legal argument and does not establish his factual innocence. *See Bousley, supra*. Moreover, it is undisputed that testimony indicating that crack cocaine and cocaine base are essentially "the same drug" was presented at trial. (Attach. to Doc. No. 28, R. 85.) Thus, Felder's allegation that testimony established that crack cocaine and cocaine base are similar substances does not constitute new evidence. To sustain an actual innocence claim, a movant must "'show that it is more likely than not that no reasonable juror would have convicted him *in light of the new evidence*.'" *Bousley*, 523 U.S. at 630 (quoting *Schlup*, 513 U.S. at 327). Consequently, Felder's argument regarding the composition of cocaine fails to demonstrate his actual innocence.

16

Based on the foregoing, the court finds that, with the exception of Felder's *Bailey* claim, there is nothing before this court to indicate the existence of "extraordinary circumstances" which warrant an equitable tolling of the limitation period until the date on which Felder filed this § 2255 motion. *Sandvik*, 177 F.3d at 1271. The court further concludes that Felder has fails to show cause why his claims, excepting the *Bailey* claim, in this § 2255 motion should not be dismissed as untimely filed.

### III. CONCLUSION

Accordingly, it is the RECOMMENDATION of the Magistrate Judge as follows:

1. The motion to vacate pursuant to 28 U.S.C. § 2255 with respect to Felder's claim that he is actually innocent of possession of a firearm in violation of 18 U.S.C. § 924(c) (Count 3) be GRANTED; that his conviction for a violation of 18 U.S.C. § 924(c)(1) be vacated; and that he be resentenced accordingly.

2. The motion to vacate pursuant to 28 U.S.C. § 2255 with respect to the remaining claims be denied and those claims be dismissed with prejudice.

It is further

ORDERED that the parties are DIRECTED to file any objections to the said Recommendation **on or before May 9, 2006**. Any objections filed must specifically identify the findings in the Magistrate Judge's Recommendation objected to. Frivolous, conclusive or general objections will not be considered by the District Court. The parties

are advised that this Recommendation is not a final order of the court and, therefore, it is not appealable.

Failure to file written objections to the proposed findings and recommendations in the Magistrate Judge's report shall bar the party from a *de novo* determination by the District Court of issues covered in the report and shall bar the party from attacking on appeal factual findings in the report accepted or adopted by the District Court except upon grounds of plain error or manifest injustice. *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982). *See Stein v. Reynolds Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982). *See also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981, *en banc*), adopting as binding precedent all of the decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981.

Done this 26th day of April, 2006.

                            /s/Charles S. Coody
                            CHARLES S. COODY
                            CHIEF UNITED STATES MAGISTRATE JUDGE