# IN THE UNITED STATES DISTRICT COURT FOR THE
## MIDDLE DISTRICT OF ALABAMA
## NORTHERN DIVISION

| | |
|---|---|
| **UNITED STATES OF AMERICA** ) | |
| ) | |
| **V.** ) | **CASE NO.: 2:90-cr-00271-MHT** |
| ) | |
| **AL JOSEPH FELDER, SR.** ) | |

## SENTENCING MEMORANDUM

COMES NOW the Defendant, Al Joseph Felder, Sr., by and through undersigned counsel, Kevin L. Butler, and submits the following sentencing memorandum.

### Relevant Facts and Procedural History[1]

Al Joseph Felder is a 56 year old African American male . He presently resides with his sister Connie Felder at 160 Shady Side Lane, Montgomery, AL 36105.

On October 12, 1990, Mr. Felder was arrested on suspicion of distributing a controlled substance. He was subsequently charged in a three count indictment filed on November 11, 1990, with (Counts 1-2) two counts of distribution of a controlled substance in violation of 21 U.S.C. § 841(a)(1) and (Count 3) one count of possession of a firearm during and in relation to the distribution offense charged in Counts 1 and 2 in violation of 18 U.S.C. § 924(c)(1). On January 18, 1991, a jury found Mr. Felder guilty of all three counts of the indictment.

On April 19, 1991, Mr. Felder was sentenced to 196 months in the custody of the Federal Bureau of Prisons (BOP). This term of imprisonment was to be followed by five (5) years of supervised release. This sentence consisted of a 136 months in BOP custody as to Count 1 and 136

---

[1] Because this case was initiated over fifteen (15) years ago and undersigned counsel was appointed on June 14, 2006, there has been difficulty obtaining official records, transcripts and other documents related to this case. This pleading is based upon the limited information available to undersigned counsel.

months in BOP custody as to Count 2. These two terms were to run concurrently. Mr. Felder also received a sixty (60) month sentence as to Count 3, to run consecutively to the 136 month sentence. These terms of imprisonment were to be followed by three year terms of supervised release as to Counts 1 and 3, and a five year term of supervised release as to Count 3. Each of the terms were set to run concurrently.

On December 10, 2003, while in BOP custody, Mr. Felder filed a motion to vacate set aside or correct his sentence pursuant to 28 U.S.C. § 2255 (habeas petition).[2] In his habeas petition Mr. Felder argued that his sentence should be vacated on seven grounds. One of the claims asserted by Mr. Felder was that he was entitled to relief because he was actually innocent of Count 3 of the indictment. In this claim, Mr. Felder argued that no evidence was presented at trial which established that he used or carried a firearm in connection with the drug offenses charged in Counts 1 and 2 of the indictment. See Bailey v. United States, 516 U.S. 137 (1995).

On January 3, 2005, while his habeas petition was pending, Mr. Felder was released from BOP custody. However, as a result of what appears to be an error by the State of Alabama, upon his release from BOP custody, Mr. Felder was placed in Alabama Department of Corrections custody until June 1, 2006.

On May 26, 2006, this Court granted Mr. Felder's petition as to Count 3, of the indictment and denied the petition in all other respects.

## Discussion

Pursuant to this Court's May 26, 2006 Order, Mr. Felder should not have been convicted of

---

[2] On April 20, 2006, Mr. Felder filed "Motion to United States District Judge Myron Thompson to Dismiss Indictment." This motion and all claims contained were dismissed without prejudice to his pending habeas petition.

the offense charged in Count 3 of the indictment as insufficient evidence was presented to support the offense charged. Therefore, assuming this Court's original sentencing determinations were appropriate, the sentence that should have been imposed was a sentence of 136 months as to Count 1 and a 136 months sentence as to Count 2 the terms set to run concurrently and followed by three year terms of supervised release as to Counts 1 and 3 of 36 months also set to run concurrently.

Had Mr. Felder been sentenced to only 136 months in BOP custody and received "good time" credit, he would have been released from BOP custody in approximately April of 2001. Additionally his corresponding term of supervised release would have then expired in April of 2004. Equitable considerations would therefore dictate that because Mr. Felder incorrectly remained in BOP custody until January of 2005, his sentence should be considered executed and completed. However, that which appears to be the fair resolution of this case, is not legally supported.

In United States v. Johnson, 120 S.Ct. 1114 (2000), a defendant's sentence was vacated and his sentence reduced to a term less than that which he had already served. The Supreme Court held that, even when an individual erroneously serves more time in custody than that which is appropriate and authorized, the person's term of supervised release does not begin to run until the person is actually released from custody, and not from the date the individual should have been released. Id. at 1117. However, the Court did indicate that 18 U.S.C. § 3583(e)(2) does allow for some relief when an individual is improperly incarcerated longer than appropriate.

18 U.S.C. § 3583(e) provides:

> **Modification of conditions or revocation**.--The court may, after considering the factors set forth in section 3553(a)(1), (a)(2)(B), (a)(2)(C), (a)(2)(D), (a)(4), (a)(5), (a)(6), and (a)(7)-
>
> (1) terminate a term of supervised release and discharge the defendant released at

3

any time after the expiration of one year of supervised release, pursuant to the provisions of the Federal Rules of Criminal Procedure relating to the modification of probation, if it is satisfied that such action is warranted by the conduct of the defendant released and the interest of justice.

Therefore, though the defense believes the available remedy inadequate, because a term of supervised release is mandated under 21 U.S.C. § 841, the defendant requests that the court limit the term of Mr. Felder's supervised release to one year based upon the fact that:

1) Mr. Felder served approximately five (5) additional years in the custody of the BOP;

2) While in custody, a) Mr. Felder's mother, Dorothy, died; b) Mr. Felder's father, Alphonso, died; c) Mr. Felder's older brother, Robert, died; and d) Mr. Felder younger brother, Johnny, died;

3) Mr. Felder was absent for an additional 5 years during the rearing of his eight children; and

4) Mr. Felder's lengthy incarceration led to the dissolution of his marriage.

## Conclusion

For the reasons set forth above, Mr. Felder respectfully requests that he be re-sentenced as follows:

> The defendant is hereby committed to the custody of the United States Bureau of Prisons to be imprisoned for a term of one hundred thirty six (136) months. This term consist of terms of one hundred thirty six (136) months on count one and one hundred thirty six (136) months on count two. The term in count two is to be served concurrently to the term in count one. This custodial sentence equates to a sentence of "time served" as the defendant shall be given credit for all time served in custody between October 12, 1990 and January 3, 2005.
>
> Upon his release from imprisonment, the defendant shall be on supervised release for a term of three years on count one and on supervised release for a term of three years on count three, all such terms to run concurrently. Based upon the Court's considerations of the factors set forth in section 3553(a)(1), (a)(2)(B), (a)(2)(C), (a)(2)(D), (a)(4), (a)(5), (a)(6), and (a)(7), after serving one year on

supervised release, the United States Probation Office shall inform the court if the defendant has complied with all terms of his supervision. Upon receiving notice from the United States Probation Office that the defendant has complied with the terms of his supervision, the defendant shall be discharged from supervised release after the expiration of one year as the Court is satisfied that such action is warranted by the conduct of the defendant released and the interest of justice.

Respectfully submitted,

s/ Kevin L. Butler
KEVIN L. BUTLER
First Assistant Federal Defender
201 Monroe Street, Suite 407
Montgomery, Alabama 36104
Phone: (334) 834-2099
Fax: (334) 834-0353
E-mail: kevin_butler@fd.org
AZ Bar Code: 014138

IN THE UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | ) | |
| | ) | |
| **V.** | ) | **CASE NO.: 2:90-cr-00271-MHT** |
| | ) | |
| **AL JOSEPH FELDER, SR.** | ) | |

**CERTIFICATE OF SERVICE**

I hereby certify that on June 22, 2006, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system which will send notification of such filing to the following:

Terry Moorer, Esquire
Assistant United States Attorney
One Court Square, Suite 201
Montgomery, Alabama 36104

        Respectfully submitted,

        s/ Kevin L. Butler
        KEVIN L. BUTLER
        First Assistant Federal Defender
        201 Monroe Street, Suite 407
        Montgomery, Alabama 36104
        Phone: (334) 834-2099
        Fax: (334) 834-0353
        E-mail: kevin_butler@fd.org
        AZ Bar Code: 014138