[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
March 22, 2007
THOMAS K. KAHN
CLERK

No. 06-12911
Non-Argument Calendar

D. C. Docket No. 90-00271-CR-T-N

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

AL JOSEPH FELDER, SR.,

Defendant-Appellant.

Appeal from the United States District Court
for the Middle District of Alabama

(March 22, 2007)

Before WILSON, PRYOR and FAY, Circuit Judges.

PER CURIAM:

Al Joseph Felder, Sr., who was convicted of two counts of possession with the intent to distribute cocaine and one count of using and carrying firearms during and in relation to the commission of drug offenses, appeals the district court's denial of his <u>pro se</u> post-conviction motion to dismiss his indictment. For the reasons discussed more fully below, we affirm.

More than 14 years after this Court affirmed Felder's convictions and sentence, and over 13 years after the Supreme Court denied certiorari review, Felder filed a motion to dismiss his indictment, arguing that the indictment failed to charge the offense of manufacturing and distributing cocaine. The district court denied without opinion the motion to dismiss the indictment. During the same time as Felder filed the instant motion, he also had filed a 28 U.S.C. § 2255 petition in the district court. The district court granted in part and denied in part Felder's § 2255 petition because Felder was actually innocent of the firearms charge, but his remaining § 2255 claims were untimely. This Court denied Felder a certificate of appealability ("COA") on September 5, 2006.

On appeal, Felder identifies no source of subject matter jurisdiction that would have empowered the district court to consider the merits of his motion to dismiss the indictment. He nevertheless argues that his indictment was defective because it failed to charge him with the crimes of distributing and manufacturing

2

cocaine. He asserts that his offense conduct supported a charge of distributing and manufacturing cocaine, and, thus, his indictment should have charged him with those crimes. He therefore concludes that, because his indictment was defective for failure to charge an offense, that defect stripped the court of jurisdiction. He contends that his allegation of a jurisdictional defect in the indictment could have been raised at anytime. Felder also makes arguments regarding procedural default and states that the court's ruling in his habeas proceeding was erroneous.

A district court's subject matter jurisdiction "is a question of law and, therefore, subject to de novo review." United States v. Perez, 956 F.2d 1098, 1101 (11th Cir. 1992). Generally, a motion alleging a defect in an indictment must be filed pre-trial, "but at any time while the case is pending, the court may hear a claim that the indictment . . . fails to invoke the court's jurisdiction or to state an offense." Fed.R.Crim.P. 12(b)(3)(B). In Felder's case, he filed his motion to dismiss his indictment 14 years after we had affirmed his convictions, and 13 years after the Supreme Court denied certiorari review. Felder v. United States, 510 U.S. 882, 114 S.Ct. 228, 126 L.Ed.2d 183 (1993). Thus, Felder's case was not "pending" within the meaning of Rule 12(b)(3)(B) when he filed his motion to dismiss, and the district court properly denied the motion because it was without subject matter jurisdiction to entertain it. See United States v. Patton, 309 F.3d

1093, 1094 (8th Cir. 2002) (holding that district court correctly denied a post-conviction motion to dismiss an indictment where the defendant's case that led to his conviction and sentence was no longer pending).

Moreover, Felder's § 2255 petition was pending at the time he filed his motion to dismiss his indictment, and that petition has since been denied by the district court and we declined to grant a COA. Thus, to the extent that Felder raises in the instant appeal arguments concerning his § 2255 proceedings, he improperly has attempted to circumvent federal habeas requirements. See 28 U.S.C. § 2255, cross-referencing 28 U.S.C. § 2244 (requiring that, before an applicant may file a second or successive § 2255 petition in the district court, the applicant must move the court of appeals for an order authorizing the district court to consider such a motion).

Upon review of the record, consideration of the parties' briefs, and in light of the foregoing, the district court's denial of Felder's post-conviction motion to dismiss his indictment is

**AFFIRMED.**

A True Copy - Attested
Clerk U.S. Court of Appeals,
Eleventh Circuit

By: _____
Deputy Clerk
Atlanta, Georgia